996 F.2d 1219
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
ECONOMY FIRE & CASUALTY COMPANY, Plaintiff-Appellant,
v.
Thomas H. LOVE, Janet E. Love, individually and as
Administrator of the Estate of Terry Love and Lynn T. Love,
[1] individually and as Administrator of the
Estate of Terry Love, Defendants-Appellees.
 No. 92-3400.
 United States Court of Appeals, Seventh Circuit.
 Argued May 6, 1993.
Decided May 20, 1993.
As Amended on Denial of Rehearing
June 21, 1993.
 
 Before POSNER, FLAUM and RIPPLE, Circuit Judges.
 
 ORDER[2]
 
 1
 Economy, the insurer, appeals the district court's determination, following a bench trial in this declaratory judgment action, that the business exclusion exception does not bar insurance coverage occasioned by the accidental death of Janet and Thomas Love's daughter-in-law, Terry Love.[3] Economy contends that, at the time of the accident, Terry Love was engaged in an activity directly related to Janet and Thomas Love's commercial enterprise. For the reasons that follow, we affirm the judgment of the district court.
 
 
 2
 On August 2, 1989, Terry Love had just completed mowing a piece of undeveloped farmland adjacent to the Memory Book Apartments in Lizton, Indiana. She was driving on a public thoroughfare in Lizton and was on her way to mow another undeveloped field adjacent to the Sterling Court apartments in Pittsboro, Indiana. The gas cap on the International tractor that she was driving came off and sprayed her with gasoline. The gasoline ignited and she died as a consequence of her burns. Lynn Love,[4] as Administrator of the Estate of Terry Love, sued the elder Loves (the insureds and owners of the tractor and farmland). He alleged that Terry Love's death was the consequence of negligent maintenance of the tractor. The insureds invoked the coverage of their Economy Farm Owners/Ranch Owners insurance policy (No. FO 13000195), which insured both the International tractor and the undeveloped land that Terry Love had been mowing. Economy denied coverage, on the ground that the accident had occurred in the course of a business pursuit and was therefore subject to the express policy exclusion.[5]
 
 
 3
 The elder Loves own two apartment buildings, Memory Book and Sterling, both of which are surrounded by lawns. Adjacent to each of these commercial properties is a parcel of undeveloped farmland that is insured under the Economy policy. The parties stipulated that the developed and undeveloped parcels were taxed separately. Tr. at 33. Economy does not insure the apartment buildings themselves. Terry Love regularly mowed the apartment properties and the adjacent farmland. Nevertheless, it is not disputed that, on the day of the accident, she had been mowing only the undeveloped farmland near the Memory Book property.
 
 
 4
 However, beyond these limited points of agreement, the parties, in an effort to substantiate their positions on whether the decedent was engaged in a business purpose, present different characterizations of the relationship between the apartment complex and the adjacent undeveloped lot. The Loves claim that the farmland was mowed in order to keep the lot tidy and to prevent the neighbors from complaining. Tr. at 48[6] Economy asserts that Terry Love mowed the adjacent farmland in order to improve the appearance of the apartment buildings for the sake of the residents and to make the apartments more aesthetically and commercially desirable.[7] Economy also asserts that the Loves treated the apartment property and the adjacent lot as one parcel and that Terry Love was paid on each occasion from the business account for mowing the entire double parcel. The Loves, on the other hand, testified that Terry Love was paid from the business account for mowing the apartment lawns, but was not paid for mowing the adjacent field. Tr. at 50. Finally, the Loves claim that the decedent always used a smaller rider mower to cut the grass around the apartments because use of the rider mower resulted in a more manicured appearance. Economy maintains that she sometimes used the tractor to mow both the lawn and the undeveloped parcel at the same time.
 
 
 5
 The district court resolved these disagreements specifically:
 
 
 6
 10. That the farm property adjacent to the Memory Book Apartments was completely separate and distinct and served no business purpose in connection with the Memory Book Apartments.
 
 
 7
 11. That the activity of Terry Love on August 2, 1989, did not serve a business purpose in connection with the Memory Book Apartments and/or any other interest of an insured under the Economy policy in question.
 
 
 8
 Corrected Findings of Fact, at pp 10, 11.
 
 The court also found:
 
 9
 12. That the activity of Thomas Love's maintenance and/or alleged lack thereof concerning the International tractor, in general, and the gas cap of the International tractor, in particular, did not serve a business purpose or constitute a business pursuit under the Economy policy in question.
 
 
 10
 Corrected Findings of Fact, at pp 12.
 
 
 11
 On the strength of these factual findings, the district court concluded that "the business pursuit exclusion of the Economy policy does not apply to the August 2, 1989, fatal injury of Terry Love.... [and t]hat the Economy policy provides a defense, indemnity and coverage to Thomas H. Love and Janet E. Love for the August 2, 1989, fatal injury of Terry Love and the suit arising out of said injury now pending in Boone County Circuit Court." Corrected Conclusions of Law, at pp 4, 5.
 
 
 12
 We review the district court's factual findings under a clearly erroneous standard. Fed.R.Civ.P. 52(a); Economy Fire & Cas. v. Beeman, 656 F.2d 269, 272 (7th Cir.1981). We must also view the evidence in the light most favorable to the Loves. See Beeman, 656 F.2d at 274. Of course, we review issues of law on a de novo basis. See Salve Regina College v. Russell, 111 S.Ct. 1217 (1991).
 
 
 13
 In Indiana, an insurance policy exclusion is to be applied only if "it clearly and unmistakably brings within its scope the particular act or omission that will effectuate the provision." Asbury v. Indiana Union Mut. Ins. Co., 441 N.E.2d 232, 236 (Ind.Ct.App.1982) (quoting American Economy Ins. Co. v. Liggett, 426 N.E.2d 136, 146 (Ind.Ct.App.1981)). Unless the policy is clear, "an insurance contract should not be interpreted to remove from coverage a risk against which an insured intended to protect himself." Asbury, 441 N.E.2d at 263 (citing American State Ins. Co. v. Aetna Life & Cas. Co., 379 N.E.2d 510 (Ind.Ct.App.1978)). The insurance company has the burden to show that the facts come within the exclusion. Id. at 241. A term is to be construed narrowly in exclusion cases. Allstate Ins. Co. v. Newmann, 435 N.E.2d 591, 593 (Ind.Ct.App.1982). In Indiana, a "business pursuit" embraces two elements: continuity and the insured's profit motive. Asbury, 441 N.E.2d at 237.[8]
 
 
 14
 Our study of the record and the district court opinion convinces us that the factual circumstances surrounding this tragedy were presented vigorously by both sides and that the court's findings of fact are adequate to support its judgment. As we have noted, our review of the district court's findings must be deferential. Moreover, under Indiana law, it must be clear and unmistakable that an exclusion applies. See Asbury, 441 N.E.2d at 236.
 
 
 15
 The district court was entitled, on the evidence offered, to conclude that Terry Love was engaged in a task that was not performed in conjunction with a business pursuit as defined by the insurance policy. We cannot second-guess the court's choices among conflicting evidence; its factual determinations were not clearly erroneous. There is no error of law. Consequently, we affirm the judgment of the district court that the business pursuits exclusion does not apply to the fatal accident that took Terry Love's life.
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 Pursuant to Federal Rule of Appellate Procedure 28(i), Appellee Lynn T. Love adopts by reference the briefs of Appellees Thomas and Janet Love
 
 
 [2]
 This matter is before us pursuant to our diversity jurisdiction, 28 U.S.C. § 1332. The parties agree that Indiana law governs the insurance contract
 
 
 [3]
 The district court issued its Findings of Fact and Conclusions of Law on September 2, 1992, after a trial held on May 26, 1992. On September 23, 1992, the court issued its Corrected Findings of Fact and Conclusions of Law
 
 
 [4]
 Lynn Love is Janet and Thomas Love's son and the decedent's husband
 
 
 [5]
 The standard business pursuits exclusion included in the Loves' policy reads in pertinent part:
 EXCLUSIONS--SECTION V
 Liability and Medical Payments. Coverages G and H do not apply to bodily injury or property damage:
 * * *
 
 
 [2]
 arising from an insured's business pursuits, which generate over $2,000 annual gross receipts
 Tr.Ex. 1, p. 9 (original emphasis).
 Business means a trade, profession or occupation, other than farming.
 Tr.Ex. 1, p. 4 (original emphasis).
 
 
 [6]
 The record is silent about the identity of these "neighbors."
 
 
 [7]
 Counsel admitted at oral argument that the record was silent about whether residents of the Memory Book apartment ever made use of the adjacent lot
 
 
 [8]
 There is no dispute that the apartment building constitutes a business pursuit under the policy